17

Receipt Number
54 8020

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Exhibits 1-2

**ASSET ACCPETANCE, LLC**

Plaintiff/Counter-Defendant,

v.

STEPHEN R. HARVEY,

Defendant/Counter-Plaintiff.

Case: 5:06-cv-14071
Assigned To: O'Meara, John Corbett
Referral Judge: Whalen, R. Steven
Filed: 09-15-2006 At 03:17 PM
REM ASSET ACCEPTANCE V HARVEY (TAM)

Thirty-Sixth Judicial District Case No. 06-118244

BUTZEL LONG
Katherine L. O'Connor (P57406)
150 W. Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
Attorneys for Plaintiff/Counter-Defendant

ADAM S. ALEXANDER (P53583)
500 S. Washington Ave., Ste 5
Royal Oak, MI 48067
(248) 246-6353
Attorney for Defendant/Counter-Plaintiff

**NOTICE OF REMOVAL**

TO: The Judges of the United States District Court
Eastern District of Michigan
231 Lafayette Blvd.
Detroit, MI 48226

Clerk of Court
Thirty-Sixth Judicial District
421 Madison Ave
Detroit, MI 48226

Adam S. Alexander (P53583)
500 S. Washington Ave., Ste 5
Royal Oak, MI 48067
(248) 246-6353

Plaintiff, Asset Acceptance, LLC (hereinafter "Asset") pursuant to 28 U.S.C. § 1441, et seq., removes the above-entitled matter from the Thirty Sixth District Court for the City of

Detroit, State of Michigan, to the United States District Court for the Eastern District of Michigan, and expressly reserving all questions other than that of removal, states in support of this removal the following:

1. Asset filed a Summons and Complaint in the civil action captioned *Asset Acceptance, LLC v Stephen R. Harvey* in the Thirty-Sixth Judicial District, City of Detroit, State of Michigan. A copy of the Summons and Complaint is attached at **Tab 1**. On or about August 17, 2006, an Answer and Counterclaim in the civil action captioned *Asset Acceptance, LLC v Stephen R. Harvey* was filed in the Thirty-Sixth Judicial District, City of Detroit, State of Michigan. The Answer and Counterclaim was served on Asset via regular mail on August 17, 2006. A copy of the Answer and Counterclaim is attached at **Tab 2** and by reference, Tabs 1 and 2 are made a part of this Notice, constitute all process, pleadings, and orders served upon the parties in this action.

2. This Notice of Removal is being filed within thirty (30) days after receipt of the Counterclaim by Asset. See 28 U.S.C. § 1446(b).

3. To the best of Asset's knowledge, this action is a civil action in which Defendant/Counter-Plaintiff seeks to recover under the Fair Debt Collection Practices Act ("FDCPA") 15 USC 1692 et seq, and under the Fair Credit Reporting Act ("FCRA") 15 USC 1681 et seq.

4. This action is removable to this Court by Counter-Defendant Asset pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, on the basis of federal question jurisdiction because both FDCPA and FCRA provide for federal jurisdiction to adjudicate claims arising under those statutes.

WHEREFORE, Plaintiff/Counter-Defendant Asset gives notice that the above-entitled action is removed to this, the United States District Court for the Eastern District of Michigan, Southern Division, in accordance with the provisions of 28 U.S.C. §§ 1331, 1441, and 1446.

Respectfully submitted,

**BUTZEL LONG**

Katherine L. O'Connor (P57406)
Butzel Long
150 W. Jefferson, Suite 100
Detroit, Michigan 48226
(313) 225-7000

Dated: September 15, 2006
86923

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASSET ACCPETANCE, LLC

Plaintiff/Counter-Defendant,

v.

STEPHEN R. HARVEY,

Defendant/Counter-Plaintiff.

Case: 5:06-cv-14071
Assigned To: O'Meara, John Corbett
Referral Judge: Whalen, R. Steven
Filed: 09-15-2006 At 03:38 PM
REM ASSET ACCEPTANCE V HARVEY (TAM)

Thirty-Sixth Judicial District Case No. 06-118244

---

BUTZEL LONG
Katherine L. O'Connor (P57406)
150 W. Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
Attorneys for Plaintiff/Counter-Defendant

ADAM S. ALEXANDER (P53583)
500 S. Washington Ave., Ste 5
Royal Oak, MI 48067
(248) 246-6353
Attorney for Defendant/Counter-Plaintiff

---

## PROOF OF SERVICE

Debbi L. Branka states that she served a copy of the Notice of Removal on Adam S. Alexander, 500 S. Washington Avenue, Suite 5, Royal Oak, Michigan 48067, by U.S. Mail, postage prepaid, on September 15, 2006.

Debbi L. Branka

869369

This form order this form call (517) 337-1211 Target Information Management, P.A.

Approved, SCAO

Original - Court
1st copy - Defendant
2nd copy - Plaintiff
3rd copy - Return

**STATE OF MICHIGAN**
JUDICIAL DISTRICT
JUDICIAL CIRCUIT
36TH DISTRICT COUNTY PROBATE

**SUMMONS AND COMPLAINT**

**CASE NO.** 06 118244

Court address: 36TH DISTRICT COURT 421 MADISON DETROIT, MI 48226

Court telephone no. 313-965-8624

Plaintiff name(s), address(es), and telephone no(s).
ASSET ACCEPTANCE LLC
P.O. BOX 2036
WARREN, MI 48090

v

Defendant name(s), address(es), and telephone no(s).
STEPHEN R [redacted]
19586 ROSELAWN
DETROIT MI 48221
BALANCE DUE: 4905.26

Plaintiff attorney, bar no., address, and telephone no.
THOMAS D. HOCKING P30955
Attorney for Plaintiff
P.O. Box 2037
Warren MI 48090
(586) 939-3200

0604370 05/10/06 10:47 652
FILING FEE 65.00

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to file an answer with the court and serve a copy on the other party or to take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 5/10/06 | 8/9/06 | Rachel |

*This summons is invalid unless served on or before its expiration date.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in ______ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ______ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| P.O. BOX 2036 WARREN, MI 48090 | 19586 ROSELAWN DETROIT, MI 48221 |

Place where action arose or business conducted
WAYNE COUNTY, MICHIGAN

Date: MAR 31 2006

Signature of attorney/plaintiff: THOMAS D. HOCKING P30955

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

To re-order this form, call (617) 237-1211
Target Information Management, Inc.

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>36TH DISTRICT COURT | SUMMONS AND COMPLAINT<br>Page 2 of 2 Pages | CASE NO. |
|---|---|---|

Court telephone no.

Court address
421 MADISON DETROIT, MI 48226 313-965-0624

VERIFIED COMPLAINT

ACCOUNT STATED

NOW COMES the Plaintiff, ASSET ACCEPTANCE LLC by and through their attorney, Thomas D Hocking, and for their Complaint against the above named Defendant(s), states to this Honorable Court as follows:

1). That the Defendant(s) resides within this court's venue and venue is proper in this court.

2). That the amount in controversy is within this courts jurisdiction.

3). That the Defendant(s) had an agreement for A CREDIT CARD, originally with DISCOVER.

4). That the Defendant(s) have defaulted in payments on the above mentioned account, said account being shown in the attached, marked Exhibit "A" and made a part hereof by reference.

5). That the Plaintiff purchased the account shown in Exhibit "A" and was assigned all rights to the account in the normal course of business.

6). That the Plaintiff has made demand but the Defendant(s) refused to pay and continues to refuse to pay.

7). That there is presently due and owing over and above all legal counter-claims the sum of $4905.26.

8). That the Plaintiff requests Judgment for $4905.26 plus interest, costs and attorney fees.

I declare under penalty of contempt of court that to the best of my knowledge, information and belief that this is good ground to support the contents of this pleading.

Dated: MAR 31 2006

24131883

By ______________________
THOMAS D. HOCKING P40955
Attorney for Plaintiff

P.O. Box 2037
Warren MI 48090
(586) 838-3200
THIS COMMUNICATION IS FROM A DEBT COLLECTOR

EXHIBIT "A"

STATE OF MICHIGAN)
SS)
COUNTY OF MACOMB )

AFFIDAVIT OF ACCOUNT STATED
under MCLA 600.2145

I hereby certify and affirm that I, MICHAEL J. GAZZARATO am the Legal Collections Manager of ASSET ACCEPTANCE LLC a Limited Liability Company organized and existing under the laws of the State of Delaware and doing business at P.O. Box 2036, Warren MI 48090.

I further state that the said company has purchased and is the owner of a claim against STEPHEN R HARVEY, Account Number 6011005720094088, originally with DISCOVER, in the amount of $4905.26 is now due and owing.

I further state that there are amounts due and owing on this account.

I further state that the business records of this account received at the time of purchase have been reviewed and the information contained herein was obtained from said business records.

I further certify that I am duly qualified and competent to testify to the matters stated herein, and authorized to make this Affidavit and if called as a witness would testify thereto.

This Affidavit is executed on MAR 31 2006.

MICHAEL J. GAZZARATO, LEGAL COLLECTIONS MANAGER
THIS COMMUNICATION IS FROM A DEBT COLLECTOR

Subscribed and sworn to before
me MAR 31 2006.

Donald Derda, Notary Public
Macomb County, Michigan
My Commission Expires: 09-25-07



STATE OF MICHIGAN

IN THE 36TH DISTRICT COURT

ASSET ACCEPTANCE, LLC.

Plaintiff,

No. 06-118244

-vs-

STEPHEN R. HARVEY,

Defendants.

THOMAS D. HOCKING (P30955
Attorney for Plaintiff
P.O. BOX 2037
Warren, MI 48090
(586) 838-3200

ADAM S. ALEXANDER (P53584)
Attorney for Harvey
500 S. Washington Ave., Ste. 5
Royal Oak, MI 48067
(248) 246-6353

**DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants Stephen R. Harvey, by and through his above-named counsel, responds to Plaintiff's Complaint as follows:

1. Admitted

2. Defendant neither admits nor denies the allegations set forth in paragraph 2, but leaves Plaintiff to their proofs.

3. Defendant neither admits nor denies the allegations set forth in paragraph 3, but leaves Plaintiff to their proofs.

4. Defendant neither admits nor denies the allegations set forth in paragraph 4, but leaves Plaintiff to their proofs.

5. Defendant lacks sufficient knowledge of the facts alleged in paragraph 5 to form a response.

6. Defendant neither admits nor denies the allegations set forth in paragraph 6, but leaves Plaintiff to their proofs.

7. Denied.

8. Defendant neither admits nor denies the allegations set forth in paragraph 8, but leaves Plaintiff to their proofs.

WHEREFORE, Defendant requests that this cause of action be dismissed with prejudice.

## AFFIRMATIVE DEFENSES

1. That all or portions of Plaintiff's Complaint may fail to state a claim upon which relief can be granted.

2. That the claims stated in Plaintiffs' Complaint may be untimely and/or fail to satisfy the applicable Statute of Limitations.

3. Defendant is filing a Counter Claim and alleges that Plaintiff violated various laws as outlined in said Counter Claim.

4. That this Defendant reserves the right to file further and additional Special and/or Affirmative Defenses, and to modify or delete the foregoing defenses, after discovery in this cause is completed.

Respectfully submitted,

By: ______________________

ADAM S. ALEXANDER (P53584)
Attorney for Harvey
500 S. Washington Ave. Suite 5
Royal Oak, MI 48067
(248) 496-7950

August 17, 2006

STATE OF MICHIGAN

IN THE 36TH DISTRICT COURT

ASSET ACCEPTANCE, LLC,

Plaintiff,

No. 06-118244

-vs-

STEPHEN R. HARVEY,

Defendant.

THOMAS D. HOCKING (P30955
Attorney for Plaintiff
P.O. BOX 2037
Warren, MI 48090
(586) 838-3200

ADAM S. ALEXANDER (P53584)
Attorney for Harvey
500 S. Washington Ave., Ste. 5
Royal Oak, MI 48067
(248) 246-6353

## HARVEY'S COUNTER CLAIM

1. This court has jurisdiction under the state law claims herein.

2. This court may exercise supplemental jurisdiction over the integrated federal law claims arising out of the same facts and circumstances that gave rise to the state law claims.

3. Defendant/Counter Plaintiff, Stephen Harvey, ("Harvey"), resides in Detroit, Michigan.

4. Plaintiff/Counter Defendant Asset Acceptance, LLC ("Asset Acceptance"), is a corporation doing business as CFC Financial in Michigan at the address P.O. Box 2036, Warren, Michigan, with its resident agent, The Corporation Company, maintaining an office at 30600 Telegraph Rd., Suite 2345, Bingham Farms, Michigan 48025.

5. Asset Acceptance is a "debt collector" under the FDCPA, 15 U.S.C. §1692k(6).

6. Asset Acceptance is a "regulated person" under the Michigan Debt Collection Practices Act, M.C.L. §445.251(g)(xi); alternatively Asset Acceptance is a "collection agency" according to the definitions in M.C.L. 339.901(b).

## GENERAL ALLEGATIONS

7. Asset Acceptance began authorizing collection activity upon Harvey on or about December, 2004 based on two accounts which have never been properly investigated or confirmed.

8. Asset Acceptance failed to properly confirm the alleged debt, despite validation requests from Harvey.

9. Despite this failure, SBC subsequently engaged at least one other debt collector to undergo debt collection actions against Harvey, and engaged in debt collection themselves.

10. Asset Acceptance, as a debt collector, placed information relating to the accounts in Harvey's credit reporting consumer files with the major credit reporting database.

11. Asset Acceptance, as a debt collector under SBC's authority, placed information relating to the accounts in Harvey's credit reporting consumer files with the major credit reporting database.

12. Asset Acceptance reported incorrect information relating to the accounts in Harvey's credit reporting consumer files with the major credit reporting database, despite Harvey's written notification that the reports were not accurate.

13. The credit information referenced above was false and constituted misrepresentation by Asset Acceptance.

14. Each time that either Asset Acceptance or one of the debt collectors engaged by them, attempted to collect the alleged debt, Harvey notified each that the debt was not valid or accurate, and sent letters, seeking validation of the alleged debts, and requesting other detailed information.

15. Despite receiving the validation letters sent by Harvey, Asset Acceptance continued collection activity in connection with the disputed debts.

16. Harvey has repeatedly and consistently disputed the accuracy of the accounts and the negative information.

17. After Harvey notified Asset Acceptance and their debt collector(s) that the debts were not valid and/or inaccurate and sent letters to all debt collectors involved, and before the debts were validated. Asset Acceptance contacted Harvey in a further attempt to collect the disputed debts in a manner inconsistent with and overshadowing their notice of validation rights.

18. Asset Acceptance and their debt collector(s) failed to verify the accounts as requested by Harvey.

19. Asset Acceptance also falsely verified inaccurate information based upon the information provided to it by the original debtor, and Asset Acceptance's verification was otherwise

insufficient according to prevailing law.

20. Asset Acceptance also wrongfully continued to report Harvey's accounts inaccurately and inconsistently, in violation of prevailing law.

21. As the result of the facts alleged above, Harvey has suffered damages.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

22. Harvey incorporates by reference all facts and allegations set forth in this complaint.

23. Asset Acceptance has engaged in violations of the FDCPA including, but not limited to the following:

a. Using false, misleading or unfair methods to collect a debt(s), in violation of 15 U.S.C. §1692e.

b. Making false representations of: a) the character, amount, or legal status of a debt(s): or b) any service rendered or compensation which may be lawfully received by Defendants for the collection of the debt(s), in violation of U.S.C. §1692e(2).

c. Communicating or threatening to communicate credit information which is known or should be known to be false, in violation of U.S.C. §1692e(8).

d. Using false representations or deceptive means to collect or attempt to collect debt(s) or to obtain information concerning Harvey, in violation of U.S.C. §1692e(10).

e. Using unfair or unconscionable means to collect or attempt to collect debt(s), in violation of the general prohibition in U.S.C., including, but not limited to attempting to collect of amounts not expressly authorized by the agreement creating the debt or permitted by law, §1692f(1).

f. Failing to cease collection of a disputed debt until properly verified in violation of §1692g(b).

24. Defendants failed to send proper and accurate validation notice, or a legal validation notice, relating to the debts in violations of U.S.C. §1692g(a).

25. Harvey has suffered damages as a result of Defendants' violations of the FDCPA.

## COUNT II - FAIR CREDIT REPORTING ACT

26. Harvey incorporates by reference all facts and allegations set forth in this complaint.

27. Asset Acceptance is a Creditor of information as contemplated by FCRA section §1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

28. Harvey has requested reinvestigation of the trade line of Asset Acceptance which appeared on

Harvey's consumer report.

29. Asset Acceptance have failed or refused to conduct an appropriate investigation into the inaccuracy of the tradelines.

30. Asset Acceptance has failed or refused to correct the inaccurate and misleading tradelines.

31. Asset Acceptance has continually added, stored, maintained and disseminated personal and credit information about Harvey to consumer reporting agencies that was inaccurate, false, erroneous and misleading despite notices by Harvey that such information was erroneous.

32. Harvey has suffered damages as the result of this failure to comply with the FCRA.

33. Asset Acceptance's actions constitute negligent violation of 15 U.S.C. §1681s-2(b) of the FCRA in violation of U.S.C. §1681o.

34. Asset Acceptance's constitute a willful violation of 15 U.S.C. §1681s-2(b) of the FCRA in violation of U.S.C. §1681o.

## COUNT III - MICHIGAN DEBT COLLECTION PRACTICES ACT

35. Harvey incorporates by reference all facts and allegations set forth in this complaint.

36. Asset Acceptance violated the Michigan Collection Practices Act, MCL §445.251, et seq., including, but not limited to:

a. Communicating with a debtor in a misleading or deceptive manner

b. Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of communication when it is made in connection with collecting a debt in violation of MCL §445.251(e).

c. Misrepresenting in a communication with a debtor 1 or more of the following in violation of MCL §445.251(f):

i. The legal status of a legal action being taken or threatened;

ii. The legal rights of the creditor or debtor;

iii. That accounts have been turned over to innocent purchasers for value.

d. Failing to implement a procedure designed to prevent a violation by an employee in violation of MCL §445.251(q).

37. Harvey has suffered damages as a result of Asset Acceptance' violations of the Michigan Collection Practices Act.

## COUNT IV - MICHIGAN OCCUPATIONAL CODE

38. Harvey incorporates by reference all facts and allegations set forth in this complaint.

39. Asset Acceptance is a "collection agencies" under MCL §339.901(f)

40. Defendants foregoing acts and omissions in attempting to collect the alleged debts described herein against Harvey constitute violations of the Occupational Code, including, but not limited to:

a. Making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt or concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt.

41. These violations of the Michigan Occupational Code by Defendants were willful.

42. Harvey has been harmed by these violations in an amount to be determined at trial.

## DEMAND FOR JUDGMENT AND RELIEF

43. Accordingly, Harvey requests:

a. Equitable relief under the Michigan Occupational Code and/or the Michigan Collection Practices Act that Harvey does not owe the alleged debts.

b. Deletion of any and all accounts being wrongfully reported to any credit bureau by any Defendant.

c. Actual damages.

d. Statutory damages.

e. Treble damages.

f. Statutory costs and attorney fees.

Respectfully submitted,

By: ____________________

ADAM S. ALEXANDER (P53584)
Attorney for Harvey
500 S. Washington Ave. Suite 5
Royal Oak, MI 48067
(248) 496-7950

August 17, 2006

STATE OF MICHIGAN

IN THE 36TH DISTRICT COURT

ASSET ACCEPTANCE, LLC,

Plaintiff,

No. 06-118244

-vs-

STEPHEN R. HARVEY,

Defendants.

/

THOMAS D. HOCKING (P30955
Attorney for Plaintiff
P.O. BOX 2037
Warren, MI 48090
(586) 838-3200

ADAM S. ALEXANDER (P53584)
Attorney for Harvey
500 S. Washington Ave., Ste. 5
Royal Oak, MI 48067
(248) 246-6353

**PROOF OF SERVICE**

Adam S. Alexander states that on August 17, 2006, he served a copy of HARVEY'S ANSWER TO COMPLAINT and COUNTER COMPLAINT: All counsel of record at the above listed address, by placing said documents in an envelope(s) addressed to said person(s) and placing said envelope(s) in a United States mail depository in the City of Royal Oak, State of Michigan, with full postage paid thereon.

**I SWEAR THAT THE FOREGOING STATEMENTS ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.**

Adam S. Alexander

/99

# CIVIL COVER SHEET

COUNTY IN WHICH THIS ACTION AROSE: Wayne

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the clerk of the Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
Asset Acceptance, LLC

**DEFENDANTS**
Stephen R. Harvey

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Macomb
(EXCEPT IN U.S. PLAINTIFF CASES)

26099

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Wayne
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Katherine L. O'Connor (P57406)
150 W. Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000

ATTORNEYS (IF KNOWN)
Adam S. Alexander (P53583)
500 S. Washington Ave, Suite 5
Royal Oak, MI 48067
(248) 246-6353

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III))

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTA | DEF | | PTA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated or Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suit
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth In Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Case: 5:06-cv-14071
Assigned To: O'Meara, John Corbett
Referral Judge: Whalen, R. Steven
Filed: 09-15-2006 At 03:17 PM
REM ASSET ACCEPTANCE V HARVEY (TAM)

**SOCIAL SECURITY**
- ☐ 861 HIA (1395FF)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW(405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**OTHER STATUTES**
- ☐ 810 Selective Services
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matter
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☑ 890 Other Statutory Actions

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

HABEAS CORPUS
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgt. Relations
- ☐ 730 Labor/Mgt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Sec. Act

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

## V. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☑ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

15 U.S.C. § 1681 *et seq.*, Fair Credit Reporting Act and 15 U.S.C. § 1692 *et seq.*, Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

*Check YES only if demanded in complaint:*
JURY DEMAND: ☐ YES ☑ NO

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE ____ DOCKET NUMBER ____

DATE: 15 Sept 2006

SIGNATURE OF ATTORNEY OF RECORD
x Katherine O'Connor DMS P53837

869360.1

**[illegible]RSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?** ☐ Yes ☑ No

**If yes, give the following information:**

**Court:** ____________________

**Case No.:** ____________________

**Judge:** ____________________

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)** ☐ Yes ☑ No

**If yes, give the following information:**

**Court:** ____________________

**Case No.:** ____________________

**Judge:** ____________________

Notes: